RALPH M. HERRICK *vs.* ALBERT H. WAITT.

Middlesex.   March 22, 1916. — June 20, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Practice, Civil,* Exceptions, New trial.   *Words,* "I am content."

At the close of the evidence at the trial of an action of tort the defendant's counsel made thirty-seven requests for instructions.   The presiding judge stated that he should not read any of these requests to the jury, but should deliver his charge and then the defendant's counsel, if he desired to do so, might call the judge's attention to any instruction requested which he thought had not been given in substance.   At the close of the charge the defendant's counsel again called attention to his requests and tried to take an exception to the refusal of all of them that were not given in the charge.   The judge refused to allow an exception in that form, saying that he was entitled to have his attention called to anything requested as an instruction which the defendant thought that he had not given, and told the counsel to take his "own time about this."   Thereupon the jury were seated, and the counsel went through his requests for instructions and, after doing so, said, "I am content."   The jury returned a verdict for the plaintiff, and the judge allowed a bill of exceptions alleged by the defendant which stated the facts narrated above.   *Held,* that by the words "I am content" the defendant's counsel stated to

———
* *White,* J.

the judge his satisfaction with the manner in which his requests had been dealt with, that therefore no exception was taken and the bill of exceptions should have been disallowed, and that the judge by his formal allowance of the bill of exceptions could not bring into existence, to affect the rights of the plaintiff, exceptions that never had been taken.

A number of months after a verdict had been returned for the plaintiff in an action of tort, the defendant filed a motion for a new trial on the ground of newly discovered evidence. From the affidavits in support of the motion it appeared that the testimony alleged to be new was that of two persons who had not been called as witnesses at the trial, but that the defendant and his witnesses had testified at the trial to what the affiants had told them, which was the same in substance as the contents of the affidavits. The trial judge denied the motion. *Held,* that the evidence was not newly discovered, and that there was nothing to show an abuse of discretion on the part of the judge in denying the motion for a new trial.

TORT for the alleged alienation of the affections of the plaintiff's wife. Writ dated October 10, 1913.

In the Superior Court the case was tried before *White,* J. The jury returned a verdict for the plaintiff in the sum of $15,000; and the judge, under the circumstance narrated in the opinion, allowed a bill of exceptions alleged by the defendant.

*E. I. Smith,* (*C. W. Ford* with him,) for the defendant.

*J. F. Ryan,* for the plaintiff.

RUGG, C. J. At the conclusion of the evidence the defendant presented thirty-seven requests for instructions. The judge stated that he should not read them to the jury, but should deliver his charge and thereafter counsel might, if they desired, call his attention to any instructions which they thought had not been given in substance.

This was correct practice. While of course a judge may read the requests to the jury with such comment as may be necessary in order to state the law correctly, ordinarily it is better and more effective to give a comprehensive charge stating plainly and forcibly the law pertinent to the issues raised. The purpose of a charge is to enable the jury to understand their duty clearly and to be enlightened as to the principles of law by which their action must be controlled. It should be adapted as a whole to the presentation of those principles in words easily understood by the man of ordinary intelligence. This end usually can be accomplished more effectively by the judge formulating a complete and unified statement either wholly in his own words or partly by quotation from decided cases, with such reference to the evidence as may be wise

to render it practical as a guide to a just verdict, rather than by reading the detached expressions prepared as requests for instructions by counsel on one side or the other and liable to be colored by the necessary bias under which they are framed. *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495, 502. *Maxwell* v. *Massachusetts Title Ins. Co.* 206 Mass. 197, 200. *Commonwealth* v. *Dow*, 217 Mass. 473, 483.

In the case at bar the counsel for the defendant properly made no objection to this procedure. At the close of the charge he referred again to his requests and excepted to the refusal of all of them not given in the charge. The judge refused to allow an exception in that form, saying that he was entitled to have his attention called to anything which counsel thought that he had not given, adding, "Now, take your own time about this." Thereupon the jury were seated and the counsel went through his requests for rulings and after doing so, said, "I am content."

This was not the taking of an exception. The colloquy means that, acting well within his right, the judge refused to allow the exception first stated. He might require any error in the charge or failure to cover every request to be pointed out to him so that it might be corrected. *Commonwealth* v. *Costley*, 118 Mass. 1, 22. *Henderson* v. *Raymond Syndicate*, 183 Mass. 443, 446. The counsel, acceding to the soundness of this position, after examining his requests anew, gave the judge to understand that he was satisfied with the manner in which the requests had been dealt with. That is the only reasonable interpretation of which the words "I am content" are susceptible under all the circumstances. It follows that no exception was saved. Therefore, that the bill of exceptions ought to have been disallowed. The allowance of the bill of exceptions by the judge cannot put life into exceptions which never existed. He could not affect the rights of the opposite party in this way.

It may not be amiss to add that an examination of the record does not disclose any error prejudicial to the substantial rights of the defendant.

Several months after a verdict had been rendered in favor of the plaintiff, the defendant filed a motion for a new trial on the ground of newly discovered evidence. To this motion were attached the affidavits of two persons who did not testify at the trial,

disclosing material evidence which each would give if called to the witness stand. But it appears from the exceptions that these "affidavits . . . state substantially only what the defendant and his witnesses testified these deponents told them." It is apparent from this fact that the evidence was not "newly discovered" and the judge so ruled correctly. It was known to the defendant at the time of the trial and in substance presented to the jury. The testimony of the affiants would have been only cumulative. Perhaps it would have been more advantageous to have had them called as witnesses. But, if the defendant was unable to procure their attendance at the trial, knowing what they had told to him and to his other witnesses, he could have protected his rights by motion and affidavit under Rule 30 of the Superior Court relating to motions for a continuance.

The granting of a motion for a new trial ordinarily rests in sound judicial discretion and is not subject to exception. There is nothing in this record to show abuse of discretion. *Powers* v. *Bergman*, 210 Mass 346. *Commonwealth* v. *Borasky*, 214 Mass. 313, 322.

There was no error of law in the denial of the requests for rulings under these circumstances.

*All exceptions overruled.*