BRIGHTON DRESSED MEAT COMPANY, petitioner.

Suffolk.    December 4, 1933. — December 5, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Exceptions: whether saved; Rules of court.

By reason of Rule 72 of the Superior Court (1932), no valid exception was saved by a mere oral arrangement, made during or at the close of a hearing of an action without a jury, for the noting of an exception to an anticipated ruling by the trial judge not then made, no claim of exception in writing having been filed by the party within three days after he received notice of the ruling subsequently made by the judge.

PETITION to establish exceptions, filed on November 6, 1933, and described in the opinion.

*A. G. Sleeper*, for the petitioner.

*J. E. Macy*, for the respondent.

RUGG, C.J. This petition to establish the truth of exceptions is based on an alleged oral understanding or verbal statement made during or at the close of a trial before a judge sitting without a jury touching requested finding and rulings not then passed upon but where decision was reserved and rendered some time later. Due notice of the rulings and decision at a later time made by the judge was given to the petitioner but it filed no writing concerning the same with the clerk. The final sentence of Rule 72 of the Superior Court (1932), which governs the case at bar, is in these words: "Exceptions to any other opinion, rul-

ing, direction or judgment made in the absence of counsel shall be taken by a writing filed with the clerk within three days after the receipt from the clerk of notice thereof." This rule is unequivocal and mandatory. Its effect is to do away with the possibility of misunderstandings likely to arise in the absence of explicit written statement. It renders of no legal value anticipatory verbal arrangements for exceptions to be taken when future adverse rulings not then announced may be made. There is nothing in *Leyland* v. *Pingree*, 134 Mass. 367, *Newton* v. *Worcester*, 169 Mass. 516, or *Jones* v. *Newton Street Railway*, 186 Mass. 113, which affords support to the petitioner's contention.

*Petition dismissed.*