JOHANNA J. LOOBY *vs.* MARY ELIZABETH LOOBY.

Suffolk.    May 3, 1939. — June 28, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Exceptions: whether saved.

A bill of exceptions, allowed by the court, which stated merely that the party filing it was "aggrieved" by a ruling of the trial court and his finding, but included nothing to show that any exception was saved, presented no question of law to this court.

TORT. Writ in the Municipal Court of the City of Boston dated November 3, 1934.

On removal to the Superior Court, the action was heard by *Greenhalge,* J.

*S. Maylor,* for the defendant.

*E. M. Curry,* (*C. N. Murdock* with him,) for the plaintiff.

Cox, J. The judge of the Superior Court, who heard this case without a jury, found for the plaintiff in her action of tort, brought to recover damages from the defendant for the unlawful confinement of the plaintiff in a hospital for the insane. In a statement of facts the judge found that the defendant, acting in conjunction with others, procured the confinement of the plaintiff "as charged in count 1

of the declaration." This count alleged that the defendant conspired, with the others referred to in the finding of the judge, unlawfully and without warrant to confine the plaintiff in a hospital for the insane, and that in pursuance of the conspiracy the plaintiff was so confined contrary to law, without any reasonable and proper cause whatever, and against the will of the plaintiff. The judge also found that, at the time of her confinement, the plaintiff was not insane or in any need of immediate restraint or treatment on account of her mental condition. Other findings were to the effect that the representations made by the defendant and one of the other alleged conspirators to the third alleged conspirator and to the physician called to examine the plaintiff were either without foundation in fact or so exaggerated as to give a distorted and untrue picture of the acts and mental condition of the plaintiff, and that the examination by the physician was so arranged as to present the plaintiff under unfavorable and unfair conditions. The defendant filed requests for eight rulings of law, five of which were refused. The only reference in the bill of exceptions to any action on the part of the defendant with respect to the refusal by the judge to give any of the five requests is as follows: "The defendant, being aggrieved by the foregoing ruling of the court upon her requests for rulings of law, and being aggrieved by the finding for the plaintiff on count 1, prays that this, her bill of exceptions, be allowed."

No questions are properly before us. There was no request by the defendant for a ruling whether any finding was warranted by the evidence, and it is settled that a party cannot raise such a question by an exception to the general finding or decision taken after it is made. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555, and cases cited. But this is not the only difficulty. The record does not disclose that any exceptions were taken, and the allowance of the bill of exceptions by the judge "cannot put life into exceptions which never existed. He [the judge] could not affect the rights of the opposite party in this way." *Herrick* v. *Waitt*, 224 Mass. 415, 417. See *Keohane, petitioner*, 179

Mass. 69, 73; *Richards* v. *Appley,* 187 Mass. 521, 523; *New Bedford Cotton Waste Co.* v. *Eugen C. Andres Co.* 258 Mass. 13, 15, 16, and cases cited.

Despite the fact that the defendant saved no exception, and the further fact that the alleged exceptions have not been argued specifically, nevertheless we have examined the alleged grievances. If the alleged exceptions had been properly saved and argued, our conclusion would be that there was no error.

*Exceptions overruled.*