No. 3054      Northern      Middlesex, ss.

GREENE                      (Roewer & Reel)
v. RIHBANY      (H. B. White—W. E. Crowell)

From the Third District Court of Eastern Middlesex— Walcott, J.

Argued Dec. 15, 1941—Opinion filed Jan. 5, 1942

---

WILSON, J. (Jones, P. J., and Pettingell, J.)—This is an action of tort in which the plaintiff now seeks to recover for damages to an automobile owned by him when it was in collision with an automobile driven by the defendant. There was a finding for the plaintiff in the sum of one hundred dollars.

At the trial the evidence of the damage to the plaintiff's automobile consisted of a repair bill, introduced in evidence by him without objection by the defendant. The bill was for repairs to the plaintiff's automobile in the sum of $20.00 which was paid by the plaintiff. The bill covered replacing two right hub caps, replacing and pointing right rear fender and repairing and pointing right front fender. The plaintiff testified that the parts of his car which were repaired or replaced as a result of the accident, were those covered by the bill, also left front fender, and that the bill covered this fender. The plaintiff's car, a 1941 Chevrolet, was bought three months previous and it was a "substantial collision"; that the rear of his right front fender was hit and all the right rear fender was crumpled. The above was all the evidence introduced on the question of damages.

The defendant filed a motion for a new trial which he

[ 77 ]

later waived, and now claims that as matter of law the evidence before the Court would not support the finding of the Court in the amount for which the Court found. No requests for rulings of any kind were filed by either party.

It was said in *Stowell v. H. P. Hood & Sons, Inc.*, 288 Mass 555, 556:

"When the judge acts in place of judge and jury, as in the present case, his consideration of the case upon the facts and his finding may likewise involve a ruling of law that such a finding is warranted by the evidence. But a party wishing to raise the question whether such a finding is warranted by the evidence must request a ruling at the trial, before the judge takes the case under consideration on the facts, and within such time as may be prescribed by the rule . . . and cannot raise the question by an exception to the general finding or decision after it is made."

See cases there cited and see also *Baker v. Davis*, 299 Mass. 345, 348. *Looby v. Looby*, 303 Mass. 391. *Carney v. Cold Spring Brewing Co.*, 304 Mass. 392. *Federal National Bank v. O'Connell*, 305 Mass. 559.

The case at bar is governed, in our opinion, by the rule there stated. Cases like *Leshefsky v. American Employers' Ins. Co.*, 293 Mass. 164, 166, relied upon by the defendant, are not authority for a different conclusion. The rule there stated applies only to cases where there is no issue of fact presented for the determination of the trial court.

· In addition to the bill for repairs, which the plaintiff introduced, there was also evidence that it was a substantial collision, that the plaintiff's automobile was purchased new only three months before.

The trial judge had a right to infer from the fact that it was a "substantial collision" that the bill in evidence did not cover the entire damage sustained in the collision. It was a matter to which the judge, sitting as a fact finding tribunal, could apply his common knowledge "sometimes with little aid from evidence." *Engle v. Checker Taxi Co.*, 275 Mass. 471, 475, 476. *Doherty v. Ruiz*, 302 Mass. 145, 146. It could be found that a new car which was involved in a "substantial collision" was impaired in value by that fact alone.

· The plaintiff was entitled to have the trial judge consider all the testimony in the case in arriving at the amount of damages sustained by him. *Baker v. Hemmingway Bros. Interstate Trucking Co.*, 299 Mass. 76, 78, and cases there cited. *Joughin v. Federal Motor Transportation Co.*. 279 Mass. 408, 411.

"Such a finding is not to be reversed unless the evidence with every reasonable inference of which it is susceptible is insufficient to warrant the finding. In other words, the finding is to stand if as matter of law it is permissible." *Cambridge v. West Springfield*, 303 Mass. 53, 66.

The allowance of the report by the trial judge cannot aid the defendant.

"The judge 'cannot put life into exceptions which never existed. He could not affect the rights of the opposite party in this way.'" *Looby* v. *Looby,* 303 Mass. 391, 392, and see cases there cited. There was no prejudicial error and the report is dismissed.