JOSEPH SREDA vs. HYMAN KESSEL & another.

Suffolk.    January 7, 1942. — January 15, 1942.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Practice, Civil,* Exceptions: what is subject to exception, what questions open.

In an action heard without jury on an auditor's report and other evidence, an exception to the judge's general finding did not raise the question of law whether the finding was permissible.

TORT.    Writ in the Superior Court dated September 8, 1936.

There were findings by *Goldberg*, J., for the plaintiff against each of two defendants in the sum of $29,009.

*L. Kobrin*, for the defendants, submitted a brief.

*H. Snyder*, (*N. A. Loumos* with him,) for the plaintiff.

FIELD, C.J.    This action of tort to recover compensation for personal injuries was heard in the Superior Court by a judge sitting without a jury.   A bill of exceptions allowed by the trial judge has been entered in this court.

The evidence consisted of the report of an auditor and testimony of the plaintiff.   The defendants filed requests for rulings, but the bill of exceptions does not show the disposition thereof by the trial judge or any exception by the defendants relating to these requests.   The judge filed a finding, in which he stated that he found for certain named defendants, and for the plaintiff against each of two other named defendants — Atlantic Wrecking Corporation and Benjamin Kessel (hereinafter called the defendants) — and assessed damages against each of them in a stated amount.   A claim of exceptions was filed in the following terms: "And now come Atlantic Wrecking Corp. and Benjamin Kessel and except to the finding made [by] the judge in the above cause."   No other exception is included in the bill of exceptions.

The bill of exceptions presents no question of law for decision. A judge, sitting, as in this case, without a jury, performs a dual function. He is both a judge of law and a trier of fact. "He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved." *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 219. *Cameron* v. *Buckley,* 299 Mass. 432, 433. In this case no exception to any ruling of law by the judge, or to any denial by him of a request by the defendants for a ruling, appears to have been taken by the defendants. Moreover, it is a general principle of practice in such cases that an exception does not lie to a finding of fact by the judge, since findings of fact are not subject to review, and, though questions of law are involved therein, there must be a separation of such questions of law if they are to be reviewed. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167. There has been no such separation in this case. Although the general findings for the plaintiff against the defendants doubtless imply rulings that such findings are permissible as matter of law, it has been settled by many decisions that an exception to such a finding is not sufficient to bring such an implied ruling before us for review. *Ames* v. *McCamber,* 124 Mass. 85, 91. *Keohane, petitioner,* 179 Mass. 69, 73. *Richards* v. *Appley,* 187 Mass. 521, 522–523. *Reid* v. *Doherty,* 273 Mass. 388, 389–390. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555, 556–557. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166: *Looby* v. *Looby,* 303 Mass. 391, 392–393. *Carney* v. *Cold Spring Brewing Co.* 304 Mass. 392, 396. The principle of *Leshefsky* v. *American Employers' Ins. Co.,* that, where "all material subsidiary facts have been found or are agreed," so that "the separation of the questions of fact and of law involved in a general finding based thereon has been largely made," an exception to such general finding "brings before us the question of law whether it was permissible on the subsidiary facts established" (page 167), is inapplicable to the present case, though the evidence here other than the

auditor's report was slight. *Federal National Bank of Boston* v. *O'Connell,* 305 Mass. 559, 564–565. The allowance of the bill of exceptions by the trial judge gave no life to this purported exception. See *Herrick* v. *Waitt,* 224 Mass. 415, 417; *Looby* v. *Looby,* 303 Mass. 391, 392–393.

It is not inappropriate to add that, notwithstanding the fact that no exception was properly saved by the defendants, we have examined the record and find therein no prejudicial error of law in respect to the matters argued by them.

*Exceptions overruled.*