WILLIAM A. GRAUSTEIN *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    January 3, 1944. — October 25, 1944.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Practice, Civil,* Exceptions: saving of exception, general exception; New
trial.

Upon the death of a judge of the Superior Court without having made
a decision of a case heard by him without a jury, exceptions saved
by one of the parties to rulings upon evidence at that hearing became
a nullity and had no standing in this court even though included
in a bill of exceptions allowed, with the other party's consent, by
a judge who, under a stipulation by the parties, had heard the case
upon a transcript of all the evidence presented to the first judge which
included a statement of such exceptions, where the second judge was
not asked to and did not make any ruling with reference to such
evidence; G. L. (Ter. Ed.) c. 231, § 115, as amended, was not appli-
cable.

No exception was saved by a document, filed by a party to an action
heard by a judge without a jury, in which he stated, that he "within
three days after his receipt . . . of notice of the findings and rulings
of the court filed therein in absence of counsel, files this his claim of
all of his exceptions."

CONTRACT OR TORT.    Writ in the Superior Court dated
April 17, 1937.

The case previously was before this court when an order
allowing a motion to dismiss was reversed, as reported in
304 Mass. 23.    The case then was heard by *Sheehan, J.,*
who died without having made a decision, and thereafter
it was heard by *Good, J.,* in the circumstances stated in the
opinion.

*W. A. Graustein,* pro se.

*J. DeCourcy,* for the defendant.

RONAN, J.    The plaintiff, as assignee of the consignee,
seeks to recover for loss of some of the machinery included
in one shipment and for damage sustained by machinery
contained in two other shipments.    He alleges that the loss
and damage were caused by the negligence of the defendant,
the terminal carrier.    After the case had been fully heard

by a judge who died without making a decision, it was submitted to another judge in accordance with a stipulation of the parties for his determination upon a transcript of all the evidence together with the exhibits that had been introduced at the first hearing. This judge denied certain of the plaintiff's requests for rulings and found for the defendant. The plaintiff filed a paper which read as follows: "Now comes the plaintiff in the above entitled action, and, within three days after his receipt from the clerk of notice of the Findings and Rulings of the Court filed therein in absence of counsel, files this his claim of all of his exceptions." The judge allowed a bill of exceptions which was assented to by the defendant and which contained exceptions to the rulings upon evidence made at the first trial and exceptions purported to have been taken to the denial of requests for rulings made at the second trial. The defendant in this court moved to dismiss the exceptions.

The stipulation under which the case was submitted to the second judge did not require that judge to make any rulings upon evidence or to adopt any of the rulings that had been made at the first trial. Although those rulings appeared in the transcript of the evidence introduced at the first trial, the second judge was not requested to pass upon the competency of any of this evidence. He did not make in fact any ruling with reference to this evidence. The exceptions taken at the first trial became of no avail when that trial ended without any decision. No rights of the plaintiff were affected by any of the rulings made at that trial, and he was in the same situation as if that trial had never occurred. *Commonwealth* v. *Cronin,* 257 Mass. 535. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437. *Curley* v. *Boston Herald-Traveler Corp.* 314 Mass. 31. The exceptions taken at that trial ceased to have any validity when the death of the judge prevented the completion of the trial, and the second judge could not infuse any life into those exceptions by his allowance, even with the assent of the defendant, of a bill of exceptions that contained the exceptions taken at the first trial. *Herrick* v. *Waitt,* 224 Mass. 415. *Edwards* v. *Cockburn,* 264 Mass. 112, 116.

*Sreda* v. *Kessel*, 310 Mass. 588. No exceptions taken at the first trial were pending at the time the second judge allowed the bill of exceptions embodying those exceptions. That judge was not authorized to allow those exceptions by G. L. (Ter. Ed.) c. 231, § 115, as amended by St. 1939, c. 451, § 63, which provides for the allowance of exceptions where disability, death, resignation or removal of the presiding judge prevents him from allowing them. Compare *Benson* v. *Hall*, 197 Mass. 517; *Commonwealth* v. *Gedzium*, 261 Mass. 299. It follows that the exceptions taken at the first trial are not open.

The remaining question is whether the plaintiff properly saved any exceptions to the denial by the second judge of his requests for rulings. The plaintiff in order to secure a review by means of a bill of exceptions was bound to save and perfect his exceptions in accordance with the pertinent statutes and rules of court. Statutes relating to procedure for review are strictly construed, *Martell* v. *Moffatt*, 276 Mass. 174; *New England Trust Co.* v. *Assessors of Boston*, 308 Mass. 543, and noncompliance with rules of court governing the saving of exceptions will bar review. *Riley* v. *Brusendorff*, 226 Mass. 310. *Brighton Dressed Meat Co., petitioner*, 284 Mass. 530. The proper saving of an exception is the first and fundamental step to secure a review by a bill of exceptions. The bill is merely the vehicle by which the exception is brought up to this court. If there is no existing exception, there is nothing that the bill can bring here. *Hurley* v. *Boston Elevated Railway*, 213 Mass. 192. *Condé Nast Press, Inc.* v. *Cornhill Publishing Co.* 255 Mass. 480. *Bourget* v. *Holmes*, 297 Mass. 25. *Looby* v. *Looby*, 303 Mass. 391. *Hacking* v. *Coördinator of the Emergency Relief Department of New Bedford*, 313 Mass. 413.

The statute, G. L. (Ter. Ed.) c. 231, § 113, provides that "Exceptions may be alleged by any party aggrieved by an opinion, ruling, direction or judgment . . . of the superior court." It was said in *Curry* v. *Porter*, 125 Mass. 94, concerning an earlier statute, Gen. Sts. c. 115, § 7, differing so far as now material in form but not in meaning from the present statute, that "This provision imports, and such

has been its uniform practical construction, that it is the duty of a party to allege his exception specifically to any ruling or direction in matters of law by which he feels aggrieved, so as to call the attention of the court and of the adverse party to the point excepted to." The principle that an exception is not properly taken unless it is sufficiently specific to identify the particular error complained of has been frequently applied where exceptions were taken to the whole or to a large segment of a charge or to so much of the instructions as bears upon one branch of the case. Exceptions of this character, even though they show the general object to which they are directed, are not properly saved as they do not point out specifically the error to which objection is made. *Commonwealth* v. *Duncan,* 250 Mass. 405., *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, 168. *Holt* v. *Mann,* 294 Mass. 21, 26. *Tucker* v. *Ryan,* 298 Mass. 282, 284. *O'Connor* v. *Benson Coal Co.* 301 Mass. 145. *Mansell* v. *Larsen,* 311 Mass. 607, 613. Where the defendants after a trial before a judge without a jury attempted to allege exceptions by filing a paper which read "Now come the defendants and except to the opinions, rulings, directions of the court," it was held that exceptions taken in such broad terms could not be sustained. *Barbeau* v. *Koljanen,* 299 Mass. 329. In that case, the plaintiff did not raise the question whether the exceptions were properly saved and, as the defendants could not prevail upon the merits, the court considered the exceptions. Although Rule 6 of the Land Court (1935) provides that "no statement other than that contained in a bill of exceptions that a party excepts to an order, ruling or decision made in the absence of counsel, need be filed," this "does not permit a general or omnibus exception to all the various rulings of law that may be discovered in a document entitled 'decision.'" *Johnson* v. *Rosengard,* 299 Mass. 375, 378.

 Rule 72 of the Superior Court (1932) requires the formal taking of exceptions in writing "to any other opinion, ruling, direction or judgment made in the absence of counsel." The paper filed by the plaintiff merely stated that the plain-

tiff "files this his claim of all of his exceptions." No particular action of the judge is designated as the ground of any exception. Nothing is described as the subject matter of any exception. The plaintiff did not point out or identify any matter of law by which he claimed he was prejudiced. The claim of all his exceptions did not state what exceptions were actually taken; and if the paper could be construed as taking exceptions to whatever questions of law might be contained in the "Findings and Rulings of the Court," then it was no more than a general or omnibus exception which, under the decisions mentioned, did not open up for review any of the particular rulings made by the judge.

Decisions, where rulings have been made in the absence of counsel, in which it was held that an exception could be saved in accordance with some prior arrangement with the judge or if the party did enough to lead the judge to believe that he desired to take an exception, are distinguishable. See *Leyland* v. *Pingree*, 134 Mass. 367; *Newton* v. *Worcester*, 169 Mass. 516; *Jones* v. *Newton Street Railway*, 186 Mass. 113; *Thurston* v. *Blunt*, 216 Mass. 264.

The motion to dismiss the exceptions is allowed.

*So ordered.*