COMMONWEALTH *vs.* MAJOR H. MacGREGOR.

Middlesex.    April 1, 1946. — May 1, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Practice, Criminal,* Exceptions: failure to save exception.

No question of law was brought to this court by a bill of exceptions, allowed by the trial judge, which, although it recited that the defendant claimed that a finding of guilty on one of two indictments heard together was inconsistent with a finding of not guilty on the other and that he was aggrieved by the finding of guilty, disclosed no exception saved in the trial court.

The law as to exceptions in criminal cases is the same as that in civil cases.

Two INDICTMENTS, found and returned on October 2, 1945.

The cases were heard together by *Pinanski*, J., without a jury.

*M. H. Goldman,* for the defendant.

*L. C. Sprague,* Assistant District Attorney, for the Commonwealth.

SPALDING, J.    A judge of the Superior Court sitting without a jury found the defendant guilty on three counts of an indictment under G. L. (Ter. Ed.) c. 265, § 23, charging him with carnal abuse of a female child.   At the same time the judge found the defendant not guilty under an indictment charging him with open and gross lewdness and lascivious behavior in the presence of the same child during the three months next before the finding of the indictment. G. L. (Ter. Ed.) c. 272, § 16.

The defendant contends that the findings of guilty on the indictment for carnal abuse cannot stand in view of the not guilty finding on the other indictment.   But this question is not presented on this record.   The case comes here on a bill of exceptions which states that "the defendant, feeling aggrieved by the court's finding of guilty under counts 1, 3 and 4 of indictment 31316, and claiming that these findings are inconsistent with the court's finding of . . . not

guilty under indictment 31317, prays that this bill of exceptions be allowed." Nowhere in the bill does it appear that any exception was taken to an "opinion, ruling, direction or judgment of the . . . [judge] rendered upon any question of law arising at the trial . . . or upon a motion for a new trial." G. L. (Ter. Ed.) c. 278, § 31. And the allowance of the bill of exceptions by the judge did not "put life into exceptions which never existed." *Herrick* v. *Waitt*, 224 Mass. 415, 417. *Looby* v. *Looby*, 303 Mass. 391, 392. "The proper saving of an exception is the first and fundamental step to secure a review by a bill of exceptions. The bill is merely the vehicle by which the exception is brought up to this court. If there is no existing exception, there is nothing that the bill can bring here." *Graustein* v. *Boston & Maine Railroad*, 317 Mass. 164, 166. *Riley* v. *Brusendorff*, 226 Mass. 310, 313. *Edwards* v. *Cockburn*, 264 Mass. 112, 116. *Hacking* v. *Coördinator of the Emergency Relief Department of New Bedford*, 313 Mass. 413, 417. See *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331, 337. The law as to exceptions in criminal cases is the same as that in civil cases. *Commonwealth* v. *Dow*, 217 Mass. 473, 483. The bill of exceptions here which did not disclose the saving of any exception in the court below brought no question of law to this court. *Looby* v. *Looby*, 303 Mass. 391.

It is assumed that in appropriate instances this court has and will exercise the power to set aside a verdict or finding in order to prevent a miscarriage of justice when a question affecting substantial rights has not been properly raised by exception at the trial. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 25. *Commonwealth* v. *McDonald*, 264 Mass. 324, 336. An examination of the record here discloses no reason for the exercise of that power.

*Exceptions overruled.*