James L. Concannon *vs.* Commissioner of Public Safety

(and a companion case between the same parties).

Suffolk. December 7, 1948. — July 5, 1949.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*State Police. Quasi Judicial Tribunal. Practice, Civil,* Exceptions: failure to save exception.

On findings respecting a trial of a patrolman in the State police on certain charges before a summary court of that organization pursuant to its rules and regulations, no invalidity prejudicial to his rights in the conduct of such trial appeared on the alleged grounds that the proper trial manual was not used, that a reviewing officer, not a member of the summary court, was disqualified by activity at earlier stages of the case, and that the procedure set forth in the trial manual was not followed in all respects.

No question of law was brought to this court by a bill of exceptions which, although allowed by the trial judge, disclosed no exception saved in the trial court.

Two petitions, filed in the Superior Court on February 9, 1944.

The cases were heard by *Baker,* J.

*L. V. Concannon,* for the petitioner.

*R. Clapp,* Assistant Attorney General, for the respondent.

Spalding, J. On November 16, 1943, the petitioner, a

patrolman in the division of State police of the department of public safety (see G. L. [Ter. Ed.] c. 22, § 9A, as amended), was dishonorably discharged after a hearing. Contending that the proceedings by which he was removed were not conducted in accordance with law, he brought this petition for a writ of mandamus against the respondent to compel the latter to recognize him as a member of the force despite his discharge. In an amendment to his petition the petitioner added an allegation that "the respondent and those in charge of the trial did not exercise good faith." The petitioner also sought a review of the removal proceedings by certiorari. The petitions were heard together. In each case the judge made findings of fact and ordered the petition dismissed. The cases come here on the petitioner's bills of exceptions.

## THE MANDAMUS CASE.

General Laws (Ter. Ed.) c. 22, § 9A, provides that the commissioner of public safety "may, subject to the approval of the governor, make rules and regulations for . . . [the State police force] including matters pertaining to their discipline, organization and government." Section 9A also provides that "Any member of said force violating any of the rules or regulations for said force shall be subject to discipline or discharge in accordance with said rules and regulations." Pursuant to these provisions, rules and regulations for the government of the State police were drawn up by the commissioner of public safety and were approved by the Governor on May 3, 1922. Rule 21 provides that members of the force "shall be subject to trial, judgment and sentence of a trial court in any case when, in the opinion of the commissioner, the good of the service so requires, and for any of the following offences: . . . (d) Any violation of the criminal law or of the laws or ordinances of any city or town . . . . (i) Any act detrimental to the good order and repute of the patrol." In Rule 23 it is provided that "The procedure in all trials before a trial court of the patrol shall conform to the Manual of Courts Martial of the United States Army, as

published and in force on January 1, 1917." Rule 23 establishes two types of trial courts, summary and special. Summary courts "shall have jurisdiction in all cases of charges against enlisted members of the patrol below the rank of second lieutenant. . . . All commissioned officers of the patrol are eligible to act as members of such summary court, except that an officer preferring charges shall not sit in the trial of such charges. A summary court shall consist of one commissioned and two non-commissioned officers, who shall be appointed to this duty by the executive officer. All judgments or sentences of a summary court shall be subject to the approval of the commissioner, and, when so approved, shall be conclusive and final."[1]

On August 18, 1943, charges were preferred against the petitioner alleging a violation by him of Rule 21 (d) and (i) of the State police. In specifications filed with these charges the following with respect to the petitioner was alleged as having occurred in Worcester on August 6, 1943: his arrest for drunkenness, being drunk and disorderly, engaging in an altercation with a police officer, assaulting such officer, failing to report his absence from duty, and showing an utter disrespect for his superiors in the manner in which he reported his absence and his arrest. The petitioner, who was represented by counsel, was tried on these charges by a summary court consisting of a corporal, a sergeant, and a lieutenant of the State police, and was found guilty on all of them. The summary court recommended a dishonorable discharge and this recommendation was approved by the respondent.

The judge made comprehensive findings of fact. We shall refer to them only in so far as they bear upon the exceptions argued by the petitioner.

The petitioner argues that the judge erred in refusing to rule, as requested, that the manual of courts martial by which the trial was governed was not that which was prescribed by the rules and regulations. This point is without merit. We think that it cannot be seriously contended that

---

[1] See now St. 1947, c. 407.

the manual used was not the one referred to in the rule. [1]
In any event the judge was warranted in finding, as in effect
he did, that the proper manual was used.

In several requests, which were denied subject to his ex-
ceptions, the petitioner asked the judge to rule in substance
that the conduct of Captain Shimkus was such in connec-
tion with the case as to make him an accuser and that this
disqualified him from acting as a reviewing officer.   In sup-
port of this contention the petitioner invokes paragraph 121
of the manual for courts martial which provides that a
member of a court martial "will be excused when challenged
upon proof of the fact as alleged: . . . (2) That he has per-
sonally investigated the charges and expressed an opinion
thereon, or that he has formed a positive and definite opinion
as to the guilt or innocence of the accused.   (3) That he is
the accuser."   It appears that Shimkus was not a member
of the court which tried the petitioner, and the judge found
that he was not the accuser.   The judge, however, found
that Shimkus was "the reviewing officer who approved the
summary court's decision and recommended to the respond-
ent . . . the finding of guilt and a dishonorable discharge."
We do not pause to consider whether Shimkus, by reason of
what he did in connection with the earlier phases of the
case, [2] might be disqualified from reviewing the case, for we
are satisfied that the petitioner's rights were not prejudiced.
The petitioner was tried by a tribunal which, so far as is
disclosed by this record, was impartial.   The judge found
that before the trial began the petitioner was asked if he
objected to any members of the court and he stated that he

---

[1] Rule 23, as noted above, provided that the procedure governing trials
"shall conform to the Manual of Courts Martial of the United States Army,
*as published and in force on January 1, 1917*" (emphasis supplied).   It appears
that the manual used was approved in 1916 and printed in that year.   The
introduction bears the date of January 1, 1917.   The provisions of the manual,
however, did not become effective until "on and after March 1, 1917."   This
manual had been in use by the department of public safety for the past twenty
years.

[2] Shimkus testified that he was the executive officer of the State police and
appointed the members of the summary court which tried the petitioner; that
he assisted in the preparation of the charges and specifications; that he ordered
Lieutenant McLaughlin to investigate the case; and that he was the reviewing
officer.

was "agreeable." The only review provided for in the rules and regulations is as follows: "All judgments or sentences of a summary court shall be subject to the approval of the commissioner, and, when so approved, shall be conclusive and final." The judge found that the respondent approved the recommendation of Shimkus "after reading and weighing pertinent parts of the evidence." He further found that there was not "the slightest evidence of bad faith on the part of the respondent . . . or any of the officers connected with the proceedings"; that the petitioner "was given a full and fair hearing, during which his rights . . . were fully recognized and protected"; and that the "proceedings were free from prejudicial error." We are of opinion that the petitioner has not shown that his rights were prejudiced by anything that Shimkus did in connection with the proceedings.

Certain requests presented by the petitioner asked the judge to rule in substance that the proceedings were illegal because the trial did not conform in certain respects with the procedure set forth in the manual for courts martial. The exceptions based on the denial of these requests are without merit. The respondent concedes that the procedure set forth in the manual was not followed in all respects. It is obvious from an examination of the manual, which was designed to regulate trials in the United States army, that many of its provisions would have little or no application to trials conducted by an organization such as the State police. The judge found that, "during the trial, the 'United States Manual of Courts Martial' was conformed with in so far as it was applicable, and wherever it was not followed the petitioner waived any objection thereto by stating he was 'agreeable' to proceed and by failing to file any plea or motion objecting to any failure of the court so to conform in its proceedings." Moreover the requirement that the procedure in trials of members of the State police shall conform to the manual for courts martial is found only in the rules governing that organization. In the preamble to those rules it is stated that the rules may not provide for all con-

tingencies and are to be "applied so far as may be." Literal compliance with all of the provisions of the manual was not required.

We have considered all of the questions argued by the petitioner and have dealt with such of them as require discussion.

*Exceptions overruled.*


## THE CERTIORARI CASE.

The purported bill of exceptions in this case brings nothing to this court for review. Nowhere in the bill does it appear that any exception was taken to any "opinion, ruling, direction or judgment" of the court. G. L. (Ter. Ed.) c. 231, § 113. This defect was not cured by the allowance of the bill by the judge. *Herrick* v. *Waitt,* 224 Mass. 415, 417. *Sreda* v. *Kessel,* 310 Mass. 588, 590. Whether an exception has been saved must be determined from what appears in the bill and from no other source. G. L. (Ter. Ed.) c. 231, § 113. *Looby* v. *Looby,* 303 Mass. 391, 392–393. *Commonwealth* v. *MacGregor,* 319 Mass. 462, 463. We might add that many, if not most, of the questions argued by the petitioner with respect to this bill of exceptions appear to be substantially the same as those argued in connection with the mandamus case.

*Exceptions overruled.*