COMMONWEALTH *vs.* BERNARD F. UNDERWOOD.

Middlesex.    September 21, 1970. — December 30, 1970.

Present: SPALDING, CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Practice, Criminal,* Exceptions: failure to save exception; New trial.
   *Evidence,* Admissions and confessions, Hearsay, On cross-examination,
   Judicial discretion. *Error,* Whether error harmful.

At the trial of a defendant for a certain crime, evidence of a confession,
   made out of court by a third person, of commission of that crime was
   inadmissible. [508]
Restatement of the law as to the saving of exceptions. [509]
Failure of the defendant to save exceptions to alleged erroneous rulings
   at a criminal trial precluded him from securing review thereof by this
   court. [509–510]
There was no abuse of discretion and no error in the denial of a motion
   for a new trial of an indictment for armed robbery based on allega-
   tions that, because of the admission of certain identification testimony
   and the denial of the defendant's request at the trial for a continuance
   to secure the attendance of a particular witness, "as . . . matter of
   fact and of law, . . . justice may not have been done" and the de-
   fendant was denied his constitutional rights, where it appeared that
   he saved no exceptions to the admission of the testimony or to the
   denial of the request for a continuance. [510–511]
At a trial of one of two men alleged to have participated in the crime of
   armed robbery in a bank, there was no abuse of discretion and no error
   on cross-examination of a bank teller, who had failed to identify the
   defendant as one of the robbers in groups of photographs shown to her
   on several occasions until she finally identified him in a group picture,
   in exclusion of a question whether she had "some conversation with
   anyone else" in relation to the personal appearance "of the taller of
   the two men that robbed the bank," where it did not appear that the
   defendant's picture was included in any groups shown to her before
   she made her identification. [512–513]
There was no abuse of discretion at a trial for armed robbery in a bank
   in the exclusion on cross-examination of a police identification op-
   erator, who had made a little alteration in a composite picture of the
   defendant at the direction of a bank teller, of the question "What
   did you do on her direction?" [513]
Upon the record of the trial of a defendant convicted of armed robbery,
   where a police officer was asked on cross-examination as to whether
   "as a rule" he "just show[ed] any pictures" to witnesses, and he
   answered that he tried to get pictures "as close to the person involved

as possible, people that are known criminals in that area," error, if
any, in the denial of a motion to strike the reference to "known crim-
inals" was harmless.  [513–514]

INDICTMENT found and returned in the Superior Court on
August 7, 1968.

The case was tried before *Spring*, J.

*Alexander Whiteside, II* (*Reuben Goodman* with him), for
the defendant.

*Terence M. Troyer*, Legal Assistant to the District At-
torney, for the Commonwealth.

QUIRICO, J.  On February 6, 1969, the defendant was
convicted of the crime of armed robbery from two employees
of the Tewksbury branch of the Lowell Five Cents Savings
Bank; and on the next day he was sentenced to the Massa-
chusetts Correctional Institution at Walpole for this crime.
He was represented by a lawyer of his choice during the trial
and when sentenced.

On August 6, 1969, the defendant filed a motion for a
new trial which was heard and denied on September 3, 1969.
He was represented by a second lawyer of his choice in the
preparation, filing and hearing of this motion.

The case is before us on the defendant's bill of exceptions
alleging various legal errors during his trial and in the denial
of his motion for a new trial.   He is now being represented
by a lawyer from the Massachusetts Defenders Committee
in the proceedings before this court.

It is obvious from a reading of the bill of exceptions that
a number of the legal questions raised by the defendant
involve action of the trial court to which the defendant
neither objected nor excepted at any time.   The defen-
dant recognizes this but advances some ingenious arguments
in support of his contention that he is entitled to a review
of these questions notwithstanding his failure to except to
the rulings thereon.   Therefore we must determine at the
threshold whether such questions are before us for decision.

The defendant alleges that it was error to admit testimony
of three witnesses identifying him as one of the two men who
robbed the bank in question, and to admit testimony by

them and other witnesses concerning the pretrial identification of him or pictures of him. He contends that this deprived him of his rights under various provisions of the constitutions of the United States and of this Commonwealth and under the rules laid down in *Stovall* v. *Denno,* 388 U. S. 293, and *Simmons* v. *United States,* 390 U. S. 377. The bill of exceptions shows not a single objection or exception by the defendant when all of this evidence was being offered and introduced.

The defendant also alleges that it was error to refuse him a continuance to enable him to serve a capias to compel the attendance of a witness who had failed to appear on summons. The record shows that at the request of the defendant the court issued a capias for service on the witness and recessed the trial to the next day, that officers of the Lowell police department went to the home of the witness to serve the capias and found her ill in bed, that they communicated with her doctor who said the witness was suffering from a kidney disease and mental exhaustion and could not get to court for two or three days, and therefore they did not execute the capias. When these facts were reported to the court the defendant asked for a further continuance so the capias could be executed. The request was denied and the defendant saved no exception to the denial.[1]

---

[1] The failure of the defendant to save such an exception is alone a bar to his right to have the denial of the continuance reviewed. However, even if an exception had been saved, there would be no error because the evidence which the defendant proposed to introduce through the absent witness was not admissible. Defence counsel stated to the court that the witness would testify as follows: Within minutes after the robbery of the Tewksbury branch of the Lowell Five Cents Savings Bank she was at the house of a friend when two men named Muse and Silva walked in with money and guns, and they divided the money. They told her they had robbed the bank in question, laughed and joked about firing a shot, and asked her to go to Mexico with them. They gave some of that money to her friend and they told the latter that they had used her car in the commission of a crime with which a defendant on trial is charged, is inadmissible." *Commonwealth* v. *Chin Kee,* 283 Mass. 248, 263. *Commonwealth* v. *Chabbock,* 1 Mass. 144. *Commonwealth* v. *Chance,* 174 Mass. 245, 251. *Commonwealth* v. *Wakelin,* 230 Mass. 567, 575–576. *Commonwealth* v. *Sacco,* 259 Mass. 128, 140–141. *Commonwealth* v. *Geraway,* 355 Mass. 433, 440–441.

The relationship between the saving of an exception and the right of review before this court is so firmly established in the appellate procedures of this Commonwealth and so universally understood and applied that it should be unnecessary for us to dwell upon it. However, despite our recent "disapproval of the constantly growing practice of certain counsel arguing alleged errors of the trial judge where no exceptions were taken" the practice continues. *Commonwealth* v. *Foley, ante*, 233, 236. We are thus compelled to restate what should now be obvious. " 'The proper saving of an exception is the first and fundamental step to secure a review by a bill of exceptions. The bill is merely the vehicle by which the exception is brought up to this court. If there is no existing exception, there is nothing that the bill can bring here.' . . . The law as to exceptions in criminal cases is the same as that in civil cases. . . . [A] bill of exceptions . . . which . . . [does] not disclose the saving of any exception in the court below . . . [brings] no question of law to this court." [2] *Commonwealth* v. *MacGregor*, 319 Mass. 462, 463, and cases cited. *Commonwealth* v. *Bellino*, 320 Mass. 635, 644. *Commonwealth* v. *Agiasottelis*, 336 Mass. 12, 16. *Commonwealth* v. *Stout*, 356 Mass. 237, 243. The mere fact that a trial court allows a bill of exceptions does not give rise to a right of review of orders or rulings on which no exceptions were saved. *Commonwealth* v. *MacGregor, supra*, 463. *Herrick* v. *Waitt*, 224 Mass. 415, 417. *Looby* v. *Looby*, 303 Mass. 391, 392.

The defendant was represented at his trial by a lawyer who has had considerable experience in the trial of criminal cases. He seasonably saved numerous exceptions to rulings throughout the trial. However, with full knowledge of the right to request a voir dire hearing before the admission of

---

[2] The saving of an exception is equally essential to an appeal under G. L. c. 278, §§ 33A–33G. An assignment of error under § 33D not based on an exception brings nothing to this court for review. *Commonwealth* v. *McDonald*, 264 Mass. 324, 336. *Commonwealth* v. *Gray*, 314 Mass. 96, 102. *Commonwealth* v. *Taylor*, 319 Mass. 631, 633. *Commonwealth* v. *Theberge*, 330 Mass. 520, 527. *Commonwealth* v. *Kiernan*, 348 Mass. 29, 33. *Commonwealth* v. *Kerrigan*, 349 Mass. 295, 297. *Commonwealth* v. *Myers*, 356 Mass. 343, 346. *Commonwealth* v. *Foley, supra*.

the testimony of eyewitnesses who identified the defendant as one of the bank robbers, and with full knowledge of the right to object to such testimony when it was offered, the defendant and his counsel remained silent, and saved no exceptions on this phase of the trial. It is not uncommon for a lawyer to forego the exercise of such a right as part of the trial tactics or strategy being employed for his client, and there is no compulsion on a defendant in a criminal case to exercise such a right. Therefore, the defendant having saved no exception during the trial with reference to such testimony, or to the denial of his request for a further continuance to obtain the absent witness, he could not present such questions to this court for review.

At that point the defendant secured the services of a second lawyer who, with the benefit of knowledge of the jury's verdict that the defendant was guilty, appeared willing to indulge in the retrospective questioning of the judgment of the trial lawyer in the matter of trial tactics and strategy. Through the second lawyer the defendant filed a motion for a new trial alleging that because of the admission of the testimony of the identifying witnesses and the denial of the further continuance "as . . . matter of fact and of law, . . . justice may not have been done" and that the defendant was denied his constitutional rights. This seems to be an attempt to convert the consequences of unsuccessful trial tactics and strategy into alleged errors by the trial judge.

All of the questions of law which the defendant attempts to raise by his motion for a new trial are questions which he could have raised, but did not raise, at his trial. "It is settled that a trial judge need not allow a party to reserve such questions of law for presentation for the first time upon a motion for a new trial, or to revive and renew them upon such a motion." *Commonwealth* v. *Osman*, 284 Mass. 421, 426. The trial judge is not bound to consider such questions on a motion for a new trial. Although the trial judge may, in his discretion, consider such questions on a motion for new trial, his simple denial of the motion, as was done in this case, "shows no intention on his part to exercise his

discretion in favor of considering such questions." *Commonwealth* v. *Venuti*, 315 Mass. 255, 261–262. *Commonwealth* v. *Martin*, 304 Mass. 320, 325. *Commonwealth* v. *Rodriquez*, 334 Mass. 703–704. Thus the defendant's resort to a motion for a new trial cannot operate to reverse or to relieve him from the position in which he had placed himself by failure to save exceptions which he could have saved at the trial. The motion for a new trial was properly denied.

The defendant argues, albeit obliquely and only by way of a footnote to his brief, that the trial judge had no discretion to deny the motion for a new trial and was compelled to allow the motion as a matter of law. He bases this argument on the statement in our recent decision in *Earl* v. *Commonwealth*, 356 Mass. 181, 184, that "[i]f . . . the original trial was infected with prejudicial constitutional error the judge has no discretion to deny a new trial." This statement lifted out of context avails the defendant nothing. The defendant assumes that there was constitutional error in his trial. Assuming it would have been constitutional error to admit the identifying testimony over his objection, he did not object; and he saved no exception at the trial to any question first raised by the motion for new trial. The defendant had no right to expect that the trial judge would abdicate his traditional and constitutionally required position of independence, impartiality and indifference between litigants to interject himself into the trial in the manner of cocounsel for the defendant and thus violate the Commonwealth's equal right to a fair trial. The statement quoted from the *Earl* case was not essential to the decision and therefore it is not a binding precedent. Even if it were the holding of the case, it would not apply to the present case. In the *Earl* case the facts giving rise to the claim of constitutional error were not learned by the defendant until after his conviction, whereas in the present case the defendant knew the facts at least from the beginning of his trial. Thus Earl could not be held to have waived his constitutional right by failing to save exceptions during the trial; whereas in the present case the defendant could and did waive his

right to raise the constitutional question by the course of conduct be pursued during the trial, and particularly his failure to save exceptions.

At the trial the defendant saved about twenty exceptions relating to the admission or exclusion of evidence, but he has argued only three of them in his brief. We shall consider those and treat the others as waived.

1. Florence Lussier was a teller working at the bank at the time of the robbery on June 27, 1968. On June 28, 1968, she was shown a group of pictures by the police, but she was unable to pick out any picture resembling either of the two robbers. A few days after the robbery she helped a State police identification operator prepare a composite sketch of the defendant. She was again shown some pictures by the police on one or two occasions when she was unable to identify any as the defendant. On the last occasion which was either the third or fourth, "a couple of weeks after the robbery," she identified a picture of the defendant in a group shown her by the police. In cross-examination counsel for the defendant asked her "Well, did you have some conversation with anyone else in relation to the height, weight or the color of hair or eyes of the taller of the two men that robbed the bank?" The question was excluded on objection by the prosecutor. Defence counsel did not pursue the inquiry further. The basis of the defendant's claim of error in the exclusion of this question appears from his brief to be that the witness "identified a picture of the defendant at the police station after a number of occasions at which she had failed to identify his photograph." It is true that the witness identified the picture of the defendant on her last examination of pictures; but there is nothing in the bill of exceptions to permit an inference or argument that the defendant's picture was included in the groups of pictures shown her at any time before she made her identification.[3]

---

[3] Lieutenant Charles Byrne of the State police testified that on each of two or three occasions when he was present at the examination of pictures by witnesses, the defendant's picture was included in those shown, but it is not clear from the record that Mrs. Lussier was present on those occasions.

The bill shows that the matter of examining pictures and identifying the picture of the defendant was the subject of testimony by this witness, two other eyewitnesses to the robbery, and several police witnesses, and that the defendant was permitted to cross-examine each such witness on this subject. Parties to litigation are entitled as matter of right to the reasonable cross-examination of witnesses against them for the purpose of attempting to impeach or discredit their testimony. *Commonwealth* v. *Russ*, 232 Mass. 58, 79. *Commonwealth* v. *Sansone*, 252 Mass. 71, 74. However, "the scope of cross-examination, including to what extent the accuracy, veracity, and credibility of a witness may be tested, rests largely in the sound discretion of the judge, not subject to revision unless prejudice is shown to a party by reason of too narrow restriction or too great breadth of inquiry." *Commonwealth* v. *Smith*, 329 Mass. 477, 479. *Commonwealth* v. *Makarewicz*, 333 Mass. 575, 593. The burden of showing the abuse of such discretion is on the defendant, and the record before us shows no such abuse. There was no error in the exclusion of the question.

2. The State police identification operator went to the bank on the day after the robbery. With the assistance of Florence Lussier and other bank employees he put together composites of the two robbers; and Mrs. Lussier said that one of the composites was a fair likeness of the defendant. The identification operator said that they had to make a little alteration to a composite at the direction of Mrs. Lussier. Counsel for the defendant asked him, "What did you do on her direction?" The question was excluded on objection by the prosecutor. It was properly excluded in the exercise of the trial judge's discretion.

3. In cross-examining Lieutenant Byrne about the use of pictures in identification procedures, counsel for the defendant asked him: "Well, sir, when you show pictures following an armed robbery like this, as a result of your training and experience do you as a rule just show any pictures?" To this the witness answered: "I try to get them as close to the person involved as possible, people that are known

criminals in that area." The defendant moved to strike the portion of the answer that pictures of known criminals were used, and the motion was denied. He made no request for any limiting or other special instruction to the jury with respect to the question and answer. He now argues that the use of the words "known criminals" in the answer served to brand him as a persistent law violator and to prejudice the jury against him. We disagree. The answer of the witness was substantially responsive to the somewhat imprecise and argumentative question. The question asked about what was done "as a rule" and the witness said what was done as a rule. Neither the question nor the answer purported to refer to what was done in this case with respect to the defendant. In any event, assuming it to have been error to deny the defendant's motion to strike the disputed portion of the answer, upon consideration of the entire record before us we have no doubt that the error was harmless.

*Exceptions overruled.*