COMMONWEALTH *vs.* ROBERT E. COUTURE (and a companion case[1]). March 2, 1972. In these cases in which the defendants were found guilty on indictments charging violations of the narcotics laws, they now contend that the trial judge's findings were not based upon sufficient evidence. They ask that this court take notice of defence counsel's failure to move that the judge hearing the cases jury waived make findings of not guilty because of insufficient evidence. At the trial no objections were made nor exceptions taken. We do not look with favor on appeals of this nature. *Commonwealth* v. *Foley,* 358 Mass. 233, 236. Our views were fully stated in *Commonwealth* v. *Underwood,* 358 Mass. 506. These appeals come to us in the face of the clear statement of the cases and serve only to tax the time and energies of the court, the prosecution, and defence counsel alike. We recommend a careful reading of the *Underwood* case to appealing counsel. In any event, a review of the evidence, to which these

---

[1] Commonwealth *vs.* James J. Valentine.

defendants are not entitled, convinces us that the judge acted correctly in all respects.

*Judgments affirmed.*

*Alexander Whiteside, II* (*Reuben Goodman* with him) for the defendants.
*John T. McDonough*, Assistant District Attorney (*Matthew J. Ryan, Jr.*, District Attorney, with him) for the Commonwealth.