JOHN E. MARSHALL *vs.* BABSON INSTITUTE & others. January 12, 1970. In this action of contract a judge sitting without jury found for the defendants. The case is here on a bill of exceptions of the plaintiff which recites that there was also filed a "Claim of Exceptions." However, the bill does not disclose that the plaintiff took a single exception to any "opinion, ruling, direction or judgment of the . . . [judge] rendered upon any matter of law." G. L. c. 231, § 113. That the judge allowed a bill of exceptions does not "put life into exceptions which never existed." *Herrick* v. *Waitt*, 224 Mass. 415, 417. *Commonwealth* v. *MacGregor*, 319 Mass. 462, 463. No question of law has been brought to this court.

*Bill of exceptions dismissed.*

*Thomas B. Arnold* for the plaintiff.
*Irvin M. Davis* for the defendants.

DAVID M. PALLEY & others *vs.* WALTER S. BAIRD & others, trustees, & others. January 12, 1970. The plaintiffs appeal from interlocutory decrees sustaining demurrers and allowing pleas in bar as sufficient in law, and the final decree dismissing the bill of complaint. The suit is brought by two present stockholders and a former stockholder of Baird-Atomic, Inc. (corporation). The plaintiffs allege that they bring this suit "derivatively in the right and for the benefit of the corporation and representatively in their own behalf and in behalf of all other stockholders of the Corporation" against an officer and directors of the corporation and trustees of a certain realty trust. A statement of agreed facts discloses that the plaintiff Palley, in his own behalf as a stockholder and in behalf of all other stockholders, made demand upon the corporation that it institute a suit against certain defendants relative to real estate transactions involving a lease to the corporation by the real estate trustees. By an overwhelming vote of the stockholders, over 5,200 in number, who had been duly solicited for proxies in accordance with relevant provisions of the Securities Exchange Act of 1934, the stockholders' meeting rejected the minority stockholders' proposals that such a suit be instituted. There is no showing that the stockholders acted other than reasonably and in good faith when they decided that it was not in the best interest of the corporation to prosecute the suit sought by the minority. The case is clearly within the holding of *S. Solomont & Sons Trust, Inc.* v. *New England Theatres Operating Corp.* 326 Mass. 99, the language of which is pertinent to the determination of this issue and has not been modified in any sense by the adoption of G. L. c. 156B. To hold otherwise would be to introduce chaos into corporate operations.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*

*Harold Brown*, for the plaintiffs, submitted a brief.
*Sumner H. Babcock* (*John J. Madden* with him) for Walter S. Baird & others; *James W. Noonan*, for Gordon S. Brown & others, & *Henry A. Malkasian*, for Baird-Atomic, Inc., also with him.