GORDON S. MIRKIN & another, trustees, *vs.* ROSE SWARTZ & others. June 18, 1974. This action of contract or tort was brought by property owners for injury caused by the flow of water from the defendants' property onto the plaintiffs' land and for expenses incurred in correcting that situation. The judge sitting without a jury found for the plaintiffs on two counts of their declaration and awarded damages. The case is before this court on the defendants' bill of exceptions by which they seek to raise the correctness of the judge's denial of certain requests for rulings of law and his denial of the defendants' motion for a new trial. The bill of exceptions fails to show that exceptions were taken to the judge's denial of the requests for rulings, and the correctness of his denial is therefore not before us. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555, 556 (1934). See also *Dorr* v. *Schenck,* 187 Mass. 542, 543 (1905); *Commonwealth* v. *Dow,* 217 Mass. 473, 482-483 (1914); *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331, 337 (1929). The reference to a claim of exceptions in the docket entries does not cure the defect. See *Marshall* v. *Babson Institute,* 356 Mass. 737 (1970). After oral argument counsel for the defendants by letter requested leave to amend the record to include the defendants' written claim of exceptions. Treating that letter as a motion, we deny it. The defendants' exception to the denial of their motion for a new trial cannot be sustained as they have failed to show any abuse of the judge's discretion. *Herrick* v. *Wait,* 224 Mass. 415, 418 (1916). *Moran* v. *Pierone, Inc.* 326 Mass. 516, 517 (1950). *Raunela* v. *Hertz Corp.* 361 Mass. 341, 345 (1972).

*Exceptions overruled.*

*Bernard Kaplan* for the defendants.
*Gordon S. Mirkin* for the plaintiffs.