CHARLES H. McNAMARA, JR. *vs.* WESTVIEW BUILDING CORPORATION.

Norfolk.    November 10, 1976. — December 2, 1976.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Water,* Flowage. *Real Property,* Flowage of water. *Practice, Civil,* Entry of judgment.

Where it appeared that the flow of surface water from the defendant's land onto the plaintiff's land was not materially increased by the defendant's acts in changing from natural drainage to an artificial drainage system the plaintiff was not entitled to an injunction against the discharge of the water into a ditch on his land. [672]

CIVIL ACTION commenced in the Superior Court on September 18, 1974.

---

The case was heard by *Lynch, J.,* on a master's report. *Frank J. Lafayette,* for the plaintiff, submitted a brief.

HALE, C.J. The plaintiff sought an injunction to prevent the defendant from "draining or discharging any water whatsoever on the plaintiff's real estate" from the defendant's abutting property. The case was referred to a master whose report was adopted by a Superior Court judge, who entered a judgment dismissing the action. The plaintiff has appealed. There was no error.

Since the general findings of the master were all based upon his reported subsidiary findings, this court on appeal may draw further or different inferences of fact from those subsidiary findings. *Dodge* v. *Anna Jaques Hosp.* 301 Mass. 431, 435 (1938). *Jones* v. *Gingras,* 3 Mass. App. Ct. 393, 395-396 (1975). *Bills* v. *Nunno, ante,* 279, 283 (1976).

The master found that the plaintiff and the defendant were owners of adjacent parcels of land in Stoughton. In the process of subdividing its land the defendant was required by the Stoughton planning board to obtain a permit to drain surface water from the proposed subdivision through the plaintiff's property. The defendant requested and received a written license from the plaintiff to discharge or drain surface water from the defendant's land into a drainage ditch on the plaintiff's land. In consideration of the granting of that license, the defendant agreed to and did open and clear out the drainage ditch. After the subdivision plan was approved a system of drains was installed which deposited the surface water at a point on the defendant's land which was approximately twenty-five feet from the drainage ditch on the plaintiff's land. The water then entered the ditch and flowed through it into a marsh, from which the water followed an irregular natural channel into a pond.

The plaintiff requested that the defendant clean out that natural channel, but the defendant refused, and the plaintiff revoked the license. The master found that such cleaning was not contemplated by the parties (no mention

of it was made in the written license). He further found that the drainage ditch had been constructed in the natural path which most of the surface water draining from the defendant's land had taken prior to the installation of the defendant's drainage system and that the installation of that system did not materially alter the flow of surface water into the ditch. The master also made a finding that there was a natural spring on the defendant's land which discharged into the drainage ditch. In the course of developing its land the defendant filled in the area around the spring with crushed rock and earth in order to level the land. The water from the spring then passed through the crushed stone into the surface water drainage system and from there into the aforementioned drainage ditch. The master further found that there had been no damage to the plaintiff's property and concluded "that the plaintiff has no cause to prevent the defendant from continuing to discharge his drainage system into the plaintiff's drainage ditch."

As the flow of surface water onto the plaintiff's land was not materially increased by the defendant's acts, and as it appears that the natural entrance of most, if not all, of the surface drainage from the defendant's land onto the plaintiff's land remained the same as it had been prior to the installation of the drainage system, and that no damage to the plaintiff's land resulted from the change from natural drainage to an artificial drainage system, the plaintiff has no basis for complaint. *Kuklinska* v. *Maplewood Homes, Inc.* 336 Mass. 489, 493 (1957).

The plaintiff complains that judgment should not have been entered until a motion to amend his complaint had been acted upon. The motion was pending when the master's report was adopted by the judge and when judgment was entered, but there is nothing in the record to indicate that the motion was ever presented to a judge. Thus, no judge was required to act upon it, and no error resulted. The motion to amend and the proposed amendment are before us, and we have examined both. There is nothing in the amended complaint that was not included, albeit

in general terms, in the original complaint, and the position of the plaintiff would not have been improved in any way had the motion been allowed.

*Judgment affirmed.*