JOHN ALIBERTI & others vs. SIDNEY GREEN & others.

Middlesex.    November 15, 1977. — February 15, 1978.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Practice, Civil*, Stockholders' derivative action, Summary judgment.

Where minority shareholders bringing a derivative action failed to
    allege in their complaint either those efforts which had been made
    to persuade a majority of shareholders to seek redress of corporate
    rights or, in the alternative, those conditions which would have
    excused their failure to request such action, the judge did not err
    in granting the defendants' motion for summary judgment. [45]
Where, subsequent to the commencement of a derivative action by
    minority shareholders of a corporation, a majority of the sharehold-
    ers, undominated and acting reasonably and in good faith, had
    voted to dismiss the action, the judge did not err in granting the
    defendants' motion for summary judgment. [45-46]
In a derivative action brought by minority shareholders of a corpora-
    tion owning all the physical assets of a country club there was no
    error in the denial of the plaintiffs' motion to amend their com-
    plaint to include allegations that a majority of the shareholders of
    the corporation were also members of a second corporation which
    managed the country club and that the majority thus had an inter-
    est in the challenged transactions where the proposed amendment,
    as a matter of law, was insufficient to show that the majority share-
    holders acted other than reasonably and in good faith when they
    voted to dismiss the action brought by the minority. [46-49]

CIVIL ACTION commenced in the Superior Court on
November 12, 1975.

The case was heard by *Beaudreau*, J., on a motion for
summary judgment.

*Robert F. Lucas* for the plaintiffs.

*Robert T. Harrington* for the defendants.

HALE, C.J. The five plaintiffs in this case, each the
holder of one share of common stock issued by Hillview,

Inc., instituted an action against Hillview, Inc., Hillview Country Club Corporation (hereinafter Hillview Corp.) and several individuals who serve or have served as directors or officers of both corporations. The plaintiffs seek both damages and equitable relief under the three counts of the complaint. In the first count the plaintiffs request that the court order the defendants to allow their inspection of the stockholder list of Hillview, Inc.[1] The other two counts purport to be brought derivatively by the plaintiffs, as stockholders, for the benefit of Hillview, Inc. In those counts the plaintiffs seek to recover damages in favor of Hillview, Inc., from the individual defendants for their alleged misconduct and breaches of fiduciary duty.

On the defendants' motion, a Superior Court judge entered an order granting summary judgment of dismissal of the two derivative counts of the complaint, and final judgment was entered pursuant thereto. The plaintiffs have appealed from that judgment and challenge the propriety of the entry of summary judgment and the denial of a motion, brought by them following the entry of the order for summary judgment, requesting leave to amend the complaint.

We begin with a short history of the parties to this lawsuit. From the record it appears that both corporations involved in this case were created by a group of people who wished to establish a country club in North Reading. Upon the advice of counsel, one of whom is a plaintiff in the present case, the group incorporated Hillview, Inc., as a Massachusetts business corporation on February 1, 1963, for the purpose of acquiring and holding all the physical assets of an existing country club facility in North Reading. Shortly thereafter the group established Hillview Corp. as a nonprofit corporation for the purpose of managing and maintaining a new club at

---

[1] The relief requested by this count was voluntarily accorded to the plaintiffs soon after the institution of the action; therefore this count is not in issue in this appeal.

that location. Since its incorporation Hillview, Inc., has held only that property which comprises the North Reading facility and has continuously leased that property to Hillview Corp.

As a condition of membership each original member of the country club was required to purchase one share of common stock of Hillview, Inc., and to pay annual dues to Hillview Corp. Ownership of one share of stock and payment of annual dues entitled each member to one vote in matters affecting the respective corporations. The only restriction on the sale of Hillview, Inc., stock was the requirement that the holder offer the stock to the corporation prior to its sale elsewhere. The stock has never paid a dividend, and no assessment has ever been made on the shareholders. However, Hillview Corp. has made assessments on its dues paying members for the improvement of and additions to the physical assets of the country club.

Throughout their existence the two corporations have kept the same business address in North Reading. Both corporations maintain separate financial records, but at the request of the members the corporations have occasionally issued combined financial reports detailing the condition of the country club as a whole. Although the officers and directors of both corporations are elected by separate ballots, these positions in both corporations have always been held simultaneously by the same persons. The meetings of the directors and stockholder-members of the two corporations usually have been conducted jointly.

Since its establishment the country club has accepted several new members. Many (but not all) of these new members have purchased a share of common stock in Hillview, Inc. Other individuals, most of whom are part-time residents of Massachusetts, have become members of the club while purchasing only half a share of Hillview, Inc., stock. Still other individuals have been allowed to become "associate Members" of the club by paying dues

to Hillview Corp. without the requirement of an immediate purchase of any interest in Hillview, Inc. At the same time some of the original members have discontinued their associations with the club. Although the discontinuing members have ceased to pay dues to Hillview Corp. and no longer participate in the activities of the club, most of them still hold their single shares of stock in Hillview, Inc.

Over the past few years some of the nonmember shareholders, represented by the plaintiffs in this case, have disagreed with certain managerial decisions made by the officers and directors of the two corporations. These disagreements have culminated in the institution of the present suit, in which the plaintiffs challenge certain transactions which they claim have unduly benefited Hillview Corp. to the detriment of their respective investments in Hillview, Inc. The challenged transactions include the remortgaging of the assets of Hillview, Inc., the transfer of assets and readjustment of certain obligations between Hillview, Inc., and Hillview Corp., and a tender offer made by Hillview, Inc., for the purpose of reacquiring shares held by nonmember shareholders.

The judge based his order for summary judgment on two rulings: (1) that the derivative counts of the complaint were defective because the plaintiffs had not complied with Mass.R.Civ.P. 23.1, 365 Mass. 768 (1974), in that they had failed to allege with particularity in their complaint either those efforts which had been made to persuade a majority of shareholders to seek redress of corporate rights, or, in the alternative, those conditions which would have excused their failure to request such action;[2] and (2) that the derivative counts of the com-

---

[2] Massachusetts Rule of Civil Procedure 23.1 states in pertinent part: "In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified by oath and shall allege that the plaintiff was a shareholder

plaint were independently barred for the reason that subsequent to the commencment of the action a majority of the shareholders of Hillview, Inc., undominated, uncontrolled and acting reasonably and in good faith, had voted to dismiss the action.

The judge's entry of summary judgment against the plaintiffs was correct on the basis of either of those rulings. The plaintiffs' complaint, as filed, did not allege that demand had been made upon the shareholders of Hillview, Inc., or that such a demand should be excused due to the futility thereof.[3] As there was no triable issue of fact before the judge with regard to the plaintiffs' failure to comply with that condition precedent required under Mass.R.Civ.P. 23.1, *supra,* the judge was correct in dismissing the derivative counts of the complaint. See *Dunphy* v. *Travellers Newspaper Assn.,* 146 Mass. 495, 497 (1888); *Bartlett* v. *New York, N.H. & H.R.R.,* 226 Mass. 467, 472–473 (1917); *Datz* v. *Keller,* 347 Mass. 766 (1964).

Likewise, the judge's finding and ruling that a majority of the shareholders of Hillview, Inc., had voted to dismiss the action was a sufficient basis for dismissal of the derivative action, so long as that vote was found to be a reasonable and good faith action by the shareholders. *S. Solomont & Sons Trust, Inc.* v. *New England Theatres*

---

or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law from one who was a stockholder or member at such time. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort."

[3] In their complaint the plaintiffs allege that as all the directors of Hillview, Inc., were named as defendants in the suit, a demand for relief from those directors would have been futile. This allegation is sufficient to excuse the condition precedent under Mass.R.Civ.P. 23.1, *supra,* of demand on the directors. See *Hayden* v. *Perfection Coolers, Inc.,* 227 Mass. 589, 593 (1917). However, this sole allegation does not excuse the plaintiffs' failure to make a separate demand on the shareholders. *Brewer* v. *Boston Theatre,* 104 Mass. 378, 392–393 (1870).

*Operating Corp.*, 326 Mass. 99, 114–115 (1950). *Palley* v. *Baird*, 356 Mass. 737 (1970). The judge found that the vote count most favorable to the plaintiffs was 124 shareholders in favor of dismissing the action and 64 shareholders opposed.[4] The majority of shareholders are presumed to have acted in good faith and with a consciousness of duty toward the corporation and all its shareholders. *S. Solomont & Sons Trust, Inc.* v. *New England Theatres Operating Corp., supra* at 113. As the affidavits submitted by the defendants prior to the entry of summary judgment raised no genuine issue of fact which would have indicated to the judge that this seemingly independent majority of shareholders had acted other than reasonably and in good faith, the judge was justified in relying on the dismissal vote as an independent basis for summary judgment. Contrast *Braunstein* v. *Devine*, 337 Mass. 408, 414 (1958).

After the entry of the order for summary judgment the plaintiffs sought to revive the action by way of a motion for leave to amend the complaint. By that motion the plaintiffs sought to allege that their failure to make demand on the shareholders should be excused as a futile gesture because the majority of the Hillview, Inc., shareholders were also members of Hillview Corp., and that, as Hillview Corp. had benefited from the defendants' alleged wrongdoing, the majority of the shareholders could not be considered as disinterested parties to the lawsuit. As an additional excuse the plaintiffs also sought to allege that since the defendants had refused to furnish them with the list of Hillview, Inc., shareholders prior to the institution of the suit, it had been impossible for the plaintiffs to contact other shareholders in order to make a demand.[5]

[4] These figures appear in an affidavit submitted by the defendants and are undisputed. In that affidavit it also appears that the defendants named in the action collectively held only 24 shares in Hillview, Inc. Those shares were not included in the judge's tabulation of the vote to dismiss the action.

[5] The latter allegation in the plaintiffs' proposed amendment does not merit substantial consideration. Assuming without deciding that

After a hearing the judge denied the plaintiffs' motion, stating as his reason the "futility" of the proposed amendment. We view that action not as an exercise of discretion, but as a ruling of law that the proposed amendment would not relieve the plaintiffs of the legal effect of the vote by the majority of Hillview, Inc., shareholders to dismiss the action. We therefore direct our inquiry to the question whether the complaint, as it was sought to be amended, could have been viewed as stating a viable derivative action despite the shareholders' dismissal vote. See *Gallagher* v. *Wheeler*, 292 Mass. 547, 551 (1935); *Caine* v. *Commonwealth*, 368 Mass. 815, 816 (1975).

The issue of substance before us in this inquiry is whether the plaintiffs' allegation regarding the majority of Hillview, Inc., shareholders' dual membership in Hillview Corp. indicated a sufficient level of personal interest on the part of the majority in the transactions challenged by the plaintiffs to permit an implication that their rejection of the plaintiffs' action had been unreasonable or was the product of bad faith. In view of the peculiar circumstances of this case we consider that the proposed allegation was insufficient to show that the shareholders "acted other then reasonably and in good faith when they decided that it was not in the best interest of the corporation to prosecute the suit sought by the minority." *Palley* v. *Baird*, 356 Mass. 737 (1970).

---

the plaintiffs' proposed allegation regarding their inability to obtain a list of shareholders prior to the institution of their action could excuse their failure to seek the desired action from the shareholders, that would not affect the validity of the shareholders' vote to dismiss the action. The record discloses that the plaintiffs were provided with a list of Hillview, Inc., shareholders one month prior to the annual shareholders meeting at which the dismissal vote was taken. Both the plaintiffs and the defendants actively solicited proxies in support of their respective positions prior to that meeting. The plaintiffs were present at the meeting with counsel, and they, as well as the other shareholders who agreed with their position, were able to participate fully in the meeting and vote.

Each shareholder in Hillview, Inc., holds a roughly equivalent interest in that corporation, as represented by his full or half share. Contrast *Braunstein* v. *Devine*, 337 Mass. at 414. Although it appears that the plaintiffs now regard their holdings in Hillview, Inc., solely as investments, they once shared the additional interest that the majority of shareholders have in the continuing operation of the club. This community of interest that the majority of shareholders continue to maintain in both corporations does not, in itself, establish that their rejection of the plaintiffs' action was motivated by oppression or by indifference to the plaintiffs' rights.[6]

Nor would the majority of shareholders' dual interest in both corporations negate their ability to make objective, rational decisions as to the best interests of each corporation. Contrast *Guay* v. *Holland System Hull Co.*, 244 Mass. 240, 246–247 (1923); *Cathedral Estates* v. *Taft Realty Corp.*, 228 F.2d 85, 88 (2d Cir. 1955). This case is somewhat unique in that it involves two corporations which, despite their separate identities, were created for one common purpose, the establishment and maintenance of a country club. The defendants claim that the challenged transactions were undertaken for the benefit of the country club, which they allege would in turn benefit Hillview, Inc. While it cannot be determined from this record whether these transactions constituted the best possible course available to Hillview, Inc., we consider that there was a sufficient basis for the majority of its shareholders reasonably to perceive those transactions as consistent with the fundamental purposes behind the establishment of both corporations. Their vote to dismiss the action may well have been motivated by their business judgment that the expense and disruption resulting

---

[6] There are several methods by which the majority shareholders in a corporation, if so motivated, may oppress or disadvantage minority interests. See *Donahue* v. *Rodd Electrotype Co. of New England, Inc.*, 367 Mass. 578, 588–589 (1975). The record discloses no evidence of any such activity by the majority in this case.

from the action outweighted any benefit which might be derived by Hillview, Inc. *S. Solomont & Sons Trust, Inc.* v. *New England Theatres Operating Corp.,* 326 Mass. at 110–111.

As we consider that the plaintiffs' proposed amendment regarding the majority of Hillview, Inc., shareholders' dual interest in Hillview Corp. fell short of demonstrating that the majority's rejection of the derivative action was made unreasonably or in bad faith, we rule that the judge was justified in continuing to rely on the majority vote as a basis for dismissing the action. There was no error in the denial of the motion for leave to amend the complaint. *Channel Fish Co.* v. *Boston Fish Market Corp.,* 359 Mass. 185, 188 (1971). Cf. *McNamara* v. *Westview Bldg. Corp.,* 4 Mass. App. Ct. 670, 672–673 (1976).

*Judgment affirmed.*