GEORGE C. VAN AKEN & another[1] *vs.* COMMONWEALTH & another[2]; JOSEPH E. MURPHY, third-party defendant. July 31, 1980. The plaintiff landowners appeal from a judgment denying them relief in their action against the Commonwealth. The plaintiffs sought injunctive relief and damages, based on erosion and flooding of their parcel allegedly caused by the Commonwealth's negligence in controlling and maintaining a brook (Shute Brook) which runs through the rear of the plaintiffs' parcel, in which the Commonwealth owns easement rights. We have reviewed the transcript of the trial, the exhibits, and the judge's findings and rulings (Mass.R.Civ.P. 52(a), 365 Mass. 816 [1974]) and conclude that there was no error.

The pertinent facts, taken from the judge's findings, are as follows. The Commonwealth's drainage easement (acquired by eminent domain in 1936) in Shute Brook, a small and somewhat seasonal watercourse, permitted the Commonwealth to use the brook for highway drainage in con-

---

[1] Eleanor B. Van Aken.

[2] The Commissioner of the Department of Environmental Quality Engineering.

nection with the reconstruction of Route 1. The Commonwealth constructed a drainage system allowing drainage water to enter the brook by means of an open trench at a place where the brook changes its course from south to east. In 1953 the third-party defendant (Murphy), owner of a parcel abutting the plaintiffs' land on the west, encased part of the open trench west of his land and that part of Shute Brook which ran along the rear of his property in a thirty-six inch drainage pipe without obtaining a permit from the Commonwealth, but in the good faith belief that none was needed. Murphy installed a "T" opening in the drain pipe to allow the flow of the brook to enter the pipe at the point where the natural course of the brook turned sharply with the grade of the land, from a southerly to an easterly direction, thereby channelling the brook into a right angle turn. The brook leaves the pipe at the beginning of the plaintiffs' land. The plaintiffs alleged that the Commonwealth negligently allowed Murphy to install the "T" pipe and neglected to have it removed or to maintain a proper drainage system, causing flooding and erosion of the plaintiffs' land. They alleged also that the Commonwealth's reconstruction of Route 1 increased the volume of water directed into the brook, and that, as a result, the additional drainage, together with the inadequacy of the "T" pipe to handle the increased flow of water, caused the brook to flood its environs.

The judge ruled that the plaintiffs had failed to prove the existence of facts establishing any right to relief against the Commonwealth. He found that "the 1973 reconstruction of Route 1 upstream did not either divert [or] significantly add to the volume of flow [in the brook], alter the course of flow, nor did it affect the pattern of flooding." The judge found that before installation of the "T" pipe, the area of land in question was marshy lowland, swamp, or wetland and that this lowland area would often flood seasonally. The judge also found that there were several trench-like water courses in this area through which water flowed, causing Shute Brook to flood the plaintiffs' parcel. The water courses were not of recent origin, nor were they caused by installation of the "T" pipe. The trenches, according to the judge's findings, caused the water to travel against the bank of Shute Brook on the plaintiffs' parcel "at approximately the same angle which presently the plaintiffs contend is responsible for the erosion of the bank." Finally, he found that, although the design of the "T" pipe was defective and had to some degree aggravated the flooding, the erosion damage over a period of twelve years on the north bank of the brook would have occurred in any event and was caused principally by the natural direction of the flow of water from the trenches which strikes the bank of the brook. He concluded that the plaintiffs had not established by a fair preponderance of the evidence the extent of erosion damage attributable to the "T" pipe.

We have reviewed the evidence and we find no error in the judge's findings or conclusions, which are fully supported by the testimony of sev-

eral witnesses. Mass.R.Civ.P. 52(a). For an exposition of the principles governing the respective rights and obligations of landowners with regard to surface drainage water, see *Tucker* v. *Badoian*, 376 Mass. 907, 912-914, 916-919 (1978) (Kaplan, J. concurring). See also *McNamara* v. *Westview Bldg. Corp.*, 4 Mass. App. Ct. 670, 672 (1976); *Neponset Reservoir Corp.* v. *Bashaw*, 8 Mass. App. Ct. 35, 41-42 (1979). The judge took a view of the property and surrounding area, heard the testimony of eleven witnesses and reviewed sixteen exhibits. The judge's incorrect descriptions of certain compass directions in his findings are, in our opinion, inadvertent and inconsequential, especially in view of the judge's thorough and detailed findings and ultimate conclusions.

*Judgment affirmed.*

*George P. Laventis* for the plaintiffs.
*F. Timothy Hegarty, Jr.,* Assistant Attorney General, for the Commonwealth & another.
*Joseph A. Monteforte, Jr.,* for Joseph E. Murphy, submitted a brief.