ANTHONY JACKSON & others[1] *vs.* THOMAS STUHLFIRE & others.[2] No. 88-P-511. January 3, 1990. *Practice, Civil*, Complaint, Summary judgment. *Corporation*, Nonprofit corporation, Derivative action, Ultra vires.

As styled by the named plaintiffs, the complaint was brought by them "On Behalf of Themselves and All Other Fellowship Members," that is, the membership of the Norfolk Fellowship Foundation, Inc. (NFF). The allegations of the complaint speak to violations of the laws of the Commonwealth (without reference to any specific statute) and of the rights of the membership majority. Damages were sought on behalf of the membership, payable to the NFF. Concluding that the action was a derivative one, the judge allowed the defendants' motion for summary judgment on the stated bases that the plaintiffs had failed to show compliance with Mass.R.Civ.P. 23.1, 365 Mass. 768-769 (1974), or that the acts complained of were anything more than reasonable business decisions made in good faith. On appeal, the plaintiffs argue that the complaint was not intended as being a derivative action but was, instead, brought to vindicate their civil rights. We affirm.

As described by the judge in her memorandum of decision, the NFF was founded in 1957 to promote interaction between inmates at the Massachusetts Correctional Institution, Norfolk, and volunteer members of the community. Its purpose was to assist inmates in adjusting to prison life and to prepare them for return to their communities. Since 1957, the NFF has grown and become more structured. It is now a nonprofit corporation with a board of directors, articles of organization, corporate by-laws and a membership which, through amendments to the by-laws, includes inmates from eight correctional institutions in addition to M.C.I., Norfolk.

1. *The nature of the action.* "We treat pleadings according to their nature and substance. See *Commonwealth* v. *Wakelin*, 230 Mass. 567, 571

[1]Warner Kelly and Frank Simmons.
[2]All the officers and directors of the Norfolk Fellowship Foundation, Inc.

[1918]; *Essex Trust Co.* v. *Averill*, 321 Mass. 68, 70 [1947]; *Employers' Liab. Assur. Corp., Ltd.* v. *Traynor*, 354 Mass. 763 [1968]." *Fabrizio* v. *U.S. Susuki Motor Corp.*, 362 Mass. 873 (1972). The plaintiffs complain of the defendants' exclusion of "Christian beliefs and ideals" from the NFF, their methodical revision of the NFF by-laws for purposes of deviating from the original intent of the NFF, their employment decisions, their failure to account for their time and describe the nature of the work they performed, their permission to one of them to maintain NFF office equipment in his home, their expansion of the NFF to other correctional institutions, and their expenditure of NFF funds in those other institutions. Actual, compensatory, and punitive damages were sought on behalf of the NFF. Even the most generous of readings does not allow the complaint to be viewed as one brought under G. L. c. 12, § 11I. See *Appleton* v. *Hudson*, 397 Mass. 812, 817 (1986); *Deas* v. *Dempsey*, 403 Mass. 468, 470 (1988).

Those wrongs alleged by the plaintiffs are wrongs (if such they be) to the NFF. "The derivative action seeks, after management has failed or refused to act, to redress a wrong to a corporation or association (usually by a few of its shareholders or members) . . . [T]he wrong underlying a derivative action is *indirect*, at least as to the shareholders. It adversely affects them merely as they are the owners of the corporate stock; only the corporation itself suffers the direct wrong . . . . [A] complaint alleging mismanagement or wrongdoing on the part of corporate officers or directors normally states a claim of wrong to the corporation: the action, therefore, is properly derivative" (emphasis original). Smith & Zobel, Massachusetts Rules Practice § 23.1.1 (1975). See *Bessette* v. *Bessette*, 385 Mass. 806, 809-810 (1982), and cases and authorities therein cited; *Tracy* v. *Curtis*, 10 Mass. App. Ct. 10, 22-23 (1980), and cases therein cited.

2. *The derivative action.* There is no merit to the plaintiffs' contention that the judge erred in concluding that the acts complained of were not shown to be ultra vires or based upon a lack of reasonable judgment or made in an absence of good faith. See *S. Solomont & Sons Trust* v. *New England Theatres Operating Corp.*, 326 Mass. 99, 112-113 (1950). As shown by the pleadings, affidavits, and exhibits, all the acts undertaken by the defendants were authorized by the articles of organization and by-laws.

The claim that bad faith might have been established had the plaintiffs been allowed to conduct discovery adds nothing to the plaintiffs' cause. The primary basis upon which the judgment rests is the plaintiffs' failure to allege with particularity their efforts to obtain the action desired from the defendants or the NFF membership or to explain the futility in making such effort, as required by rule 23.1, *supra*. The plaintiffs' reliance upon two letters (sent by them requesting the clerk to call a special meeting to discuss their concerns) is misplaced. Even assuming the letters sufficient to constitute the requisite demand upon the directors, the meeting was called.

We see no error in the judge's conclusion that the plaintiffs' failure "to allege in their complaint either those efforts that have been made to persuade the members of the majority to seek redress or, in the alternative, those conditions which would have excused their failure to request such action," was dispositive of the defendants' motion for summary judgment. See *Aliberti* v. *Green*, 6 Mass. App. Ct. 41, 45 (1978), and cases therein cited. Compare *Pupecki* v. *James Madison Corp.*, 376 Mass. 212, 218 (1978). See generally Smith & Zobel, Massachusetts Rules Practice § 23.1.5, *supra*.

*Judgment affirmed.*

*Anthony Jackson*, pro se.
*E. Susan Garsh* for the defendants.