Salinger, Kenneth W., J.
The Squires of Hanover, Inc. (the “Corporation”) is a closely held Massachusetts corporation. Defendant Paul Squires (“Squires”) owns one-half of the Corporation. Plaintiffs Madeline, James, Catherine, and Evelyn Kelleher (the “Kellehers”) together own or control the other half. Squires has been the only officer and director of the Corporation since the Kellehers’ father died in 2011.
The Kellehers filed this action against Squires on behalf of the Corporation. They claim that Squires has been grossly negligent in running the restaurant that is the Corporation’s sole business and that he thereby caused the Corporation to suffer economic damage. They also claim that Squires has converted to his own use monies or profits that belong to the Corporation. The Kellehers were required to name the Corporation as a nominal defendant.[2]
The Corporation has asked the Court to appoint a panel of independent persons pursuant to G.L.c. 156D, §7.44(f), to determine whether this derivative action is in the Corporation’s best interests. The Court DENIES this request because it appears to be merely an attempt by Squires to circumvent normal corporate governance and because the Corporation has not made even a prima facie showing that this action against Squires is not in the Corporation’s best interest.
1. Legal Background
“[A]s a basic principle of corporate governance, the board of directors or majority of shareholders should set the corporation’s business policy, including the decision whether to pursue a lawsuit.” Halebian v. Berv, 457 Mass. 620, 626 (2010), quoting Harhen v. Brown, 431 Mass. 838, 844 (2000). “However, where a shareholder claims that a corporation’s directors or officers have engaged in wrongdoing that has injured the corporation,” a shareholder may, “in certain circumstances, . . . initiate a civil suit on behalf of the corporation against the directors or officers. A suit brought in this manner to vindicate a right of the corporation is known as a derivative proceeding” and is governed by G.L.c. 156D, §§7.40 to 7.47. Halebian, supra, at 625.
The revised Massachusetts Business Corporations Act, which took effect on July 1, 2004,[3] “imposes a universal demand requirement on shareholder derivative suits.” Id. By statute, a corporate shareholder may not “commence a derivative proceeding” on behalf of a corporation unless it makes “a written demand. . . upon the corporation to take suitable action” and either (a) “the demand has been rejected by the corporation,” (b) 90 days have elapsed with no response from the corporation (this period is extended to 120 days if the corporation chooses to submit the demand to a vote of the shareholders), or (c) “irreparable injury to the corporation would result by waiting for the expiration of such 90-day or 120-day period.” G.L.c. 156D, §7.42. “As a result, in Massachusetts, there is no longer a futility exception to the demand requirement, even if the board members are not independent and disinterested.” Johnston v. Box, 453 Mass. 569, 578 n. 15 (2009).[4]
If one or more shareholders bring a derivative proceeding on behalf of a corporation after complying with the statutory demand requirement, the corporation may force dismissal of the action—and thereby regain control over the decision whether to pursue or forego the lawsuit—if the corporation can show “that the shareholders or an appropriate group ‘has determined *188 . . . that the maintenance of the derivative proceeding is not' in the best interests of the corporation.’” Haleb-tan, 457 Mass, at 626, quoting G.L.c. 156D, §7.44(a).
The corporation itself may make such a decision, and thus compel dismissal of the derivative action, by acting through either: (1) a majority vote of independent directors who reach this conclusion “in good faith after conducting a reasonable inquiry upon which its conclusions are based,” (2) a majority vote of a special litigation committee of the board, consisting of at least two independent directors who were appointed by a majority of independent directors and who reach this conclusion in good faith and based upon a reasonable inquiry;[5] or (3) a majority vote of shareholders, excluding any shares owned or controlled by someone “who has or had a beneficial interest in the act or omission complained of or other interest therein that would reasonably be expected to exert an influence on that shareholder’s or related person’s judgment if called upon to vote in the determination.” G.L.c. 156D, §7.44(a) & (b).[6] The Supreme Judicial Court has construed §7.44 as requiring that the derivative action must be dismissed if the corporation has determined that the suit is not in its best interests in the manner provided for in the statute, whether it makes that decision before or after the derivative proceeding has been commenced. See Halebtan, 457 Mass, at 627-33.
The statute also gives a court the power to “appoint a panel of 1 or more independent persons upon motion by the corporation to make a determination whether the maintenance of the derivative proceeding is in the best interests of the corporation.” G.L.c. 156D, §7.44(f). A court has broad discretion in deciding whether or not to appoint such a special panel. The governing statute says that a court “may appoint” such a panel. G.L.c. 156D, §7.44(f). ‘The use of the word ’’may" denotes a discretionary power." Provencal v. Commonwealth Health Ins. Connector Auth., 456 Mass. 506, 513 (2010). If the court appoints such a panel, and the panel determines that the derivative action is not in the corporation’s best interest, the action must be dismissed unless the plaintiff shareholders prove either that the panel did not act in good faith or that its conclusion does not reflect “a reasonable inquiry.” See G.L.c. 156D, §7.44(a) and (f).
2. Discussion
The “independent panel” that a court may establish under G.L.c. 156D, §7.44(f), to pass judgment on a shareholder derivative action is an unusual creature. The Business Corporation Act “declares as a general principle of corporate governance that ‘[a]ll corporate power shall be exercised by or under the authority of, and the business and affairs of the corporation shall be managed under the direction of, its board of directors!.]” Halebtan, 457 Mass, at 625, quoting G.L.c. 156D, §8.01(b). At common law and now by statute, where a majority of the directors are accused of malfeasance, but “the majority stockholders are not the [alleged] wrongdoers,” those shareholders not alleged to be complicit in the alleged wrongdoing have the power to decide whether or not the corporation should pursue a lawsuit against the company’s executives for allegedly breaching their duties to the corporation. S. Solomont & Sons Trust v. New England Theatres Operating Corp., 326 Mass. 99, 114 (1950); accord G.L.c. 156D, §7.44(b)(3). Thus, if a court establishes an independent panel to determine whether a derivative proceeding is in the coiporation’s best interest, it is taking away power to exercise business judgment that is normally reserved to the board of directors and shareholders and giving it to strangers.
The Legislature established no standards for deciding whether or when a court should appoint such an “independent panel.” No reported Massachusetts decision, of an appellate or trial court, addresses the issue. Chapter 156D “is based on, but not identical to, the American Bar Association’s Model Business Corporation Act (2002).” Halebtan, 457 Mass. at 625. Although the “independent panel” provision codified at G.L.c. 156D, §7.44(f), now appears in similar statutes in other states,[7] there appear to be only two reported cases nationwide in which an independent panel was appointed, and in both cases that appointment was agreed to by all the parties. See FCR Realty, LLC v. Green, 60 Conn. L. Rptr. 764, 2015 WL 5134536 (Ct.Sup. 2015) (Calmar, J.) (denying motion to appoint independent panel), discussing Sessions, III v. Five “C’s”, Inc., 718 S.E.2d 737 (N.C.Ct.App. 2011) (unpublished) (consent order); Brewster v. Brewster, 241 P.3d 357, ¶6 (Utah Ct.App. 2010) (by agreement).
The Court concludes that it would not be appropriate under the circumstances of this case to appoint an independent panel pursuant to §7.44(f).
This motion is an attempt by Squires to circumvent normal corporate decision making powers and processes and deprive the Kellehers of their rights, as shareholders, to decide whether this suit is in the Corporation’s best interest.[8] Since Squires is the sole director of the Corporation, and he is the one accused of malfeasance, the Corporation cannot act through any independent directors (or through a special litigation committee comprised of two or more independent directors) to determine whether this suit is in its best interest, as contemplated in G.L.c. 156D, §7.44(b)(l) and (b)(2). The normal fallback in circumstances like these would be for the Corporation to submit the issue to a vote of the shareholders. See G.L.c. 156D, §7.42(2). Squires could not participate in that vote, because he is the one being sued. In contrast, it appears that the Kellehers are fully competent to make this decision on behalf of the Corporation, because they do not appear to have had any financial or other personal interest in the alleged acts or omissions by Squires (other than their interest as allegedly aggrieved shareholders of the Corporation). See G.L.c. 156D, §7.44(b)(3).
*189 There is no good reason to take the decision about whether this action is in the Corporation’s best interests away from the Kellehers, who together hold a one-half interest in the Corporation, and give it to some independent panel. “It is an implied condition of becoming a stockholder in a corporation that its general policy shall be determined by the [disinterested] holders of a majority of the stock and that disagreements as to its dominating policy and as to the details of its management shall be settled by the stockholders, and that recourse cannot be had to the courts to adjust difficulties of this sort.” S. Solomont & Sons Trust, 326 Mass, at 113, quoting Bartlett v. New York, New Haven & Hartford R.R. Co., 221 Mass. 530, 532 (1915). That is why corporations rely upon independent shareholders to exercise their business judgment in deciding whether to sue officers or directors for malfeasance in those cases where, as here, there are no independent directors able to make that decision for the corporation. Id. at 114-15. The Kellehers, as shareholders of the Corporation, “are presumed to have acted in good faith and with a consciousness of duly toward the corporation and all its shareholders.” Aliberti v. Green, 6 Mass.App.Ct. 41, 46 (1978).
The Corporation has not rebutted the presumption that the Kellehers should be trusted to exercise their business judgment on behalf of the Corporation, or even made a prima facie case that the bringing and prosecution of this lawsuit against Squires is somehow contrary to the best interests of the Corporation. There is no evidence or even any allegation that the lawsuit threatens to interfere with the Corporation’s ongoing business or any future business opportunities. If the Kellehers prevail, they will obtain an award of money damages against Squires on behalf of the Corporation. If they lose, the Corporation should not be affected. The Corporation is only a nominal defendant. The Kellehers must bear the cost of this litigation in the first instance. They may only seek compensation from the Corporation if and when the proceeding “has resulted in a substantial benefit to the corporation.” G.L.c. 156D, §7.44.
Although the Corporation (meaning Squires, in this context) insists that the Kellehers’ claims against Squires are baseless, it has not supported that assertion with any evidence. The Corporation represents that it “retained the services of restaurant FAO Hospitality,” and that FAO found that the Corporation is well run. But the Corporation has not provided a copy of FAO’s report to the Court or to the Kellehers. Nor has it presented any affidavit from FAO or any other admissible evidence to support the assertions made by its counsel as to the Kellehers’ claims that Squires has been grossly negligent in running the Corporation. Furthermore, the Corporation does not even suggest that FAO had anything to say about the Kellehers’ claims that Squires has improperly made off with money that belongs to the Corporation.
As noted above, it is “a basic principle of corporate governance” that'in most situations the decision'of whether to pursue a lawsuit on behalf of a corporation should be made by a majority of disinterested directors or shareholders. See Halebian, 457 Mass, at 626, quoting Harhen, 431 Mass. at 844. The Court concludes that the Kellehers are entitled to exercise their own business judgment as to whether suing Squires is in the Corporation’s best interest.
ORDER
The motion filed in the name of The Squires of Hanover, Inc., for the appointment of an independent panel under G.L.c. 156D, §7.44(f) is DENIED.

 See Turner v. United Mineral Lands Corp., 308 Mass. 531, 538 (1941) (corporation is indispensable party to derivative action, to ensure that corporation is bound by the result); Fusco v. Rocky Mountain I Investments Ltd. Partnership, 42 Mass.App.Ct. 441, 447 (1997) (“in any derivative action the entity in whose right the action is brought appears as the defendant”); Mass.R.Civ.P. 19(a) (where a necessary party refuses to join action as a plaintiff, it may be made a defendant).

 See St. 2003, c. 127, §§17, 24.

 Under prior common law, shareholders were not required to make such a demand if doing so would be futile because “a majority of the directors and a majority of the shareholders were alleged wrongdoers or under the control of such wrongdoers.” Pupecki v. James Madison Corp., 376 Mass. 212, 218 (1978); accord Harhen v. Brown, 431 Mass. 838, 844 (2000) (referring to such derivative actions as “demand excused” cases).

 A corporation’s board of directors may create a special litigation committee composed of independent, disinterested directors, and delegate to that committee the power “to decide whether a given derivative suit is in the corporation’s best interest.” Houle v. Low, 407 Mass. 810, 821 (1990); see also G.L.c. 156D, §7.44(b)(2) (recognizing that boards may establish such special litigation committees, but requiring that they “consist! ] of 2 or more independent directors appointed by majority vote of independent directors”); G.L.c. 156D, §8.25 (board may create committee and delegate authority to it “(ujnless the articles of organization or bylaws provide otherwise”).

 As the Supreme Judicial Court has noted, the dismissal requirement in §7.44(a) refers expressly only to subsections (b)(1), which concerns votes by independent directors, and (b)(3), which concerns votes by shareholders not involved in the act or omission complained of. See Halebian, 457 Mass, at 626-27. For some reason §7.44(a) does not mention subsection (b)(2), which concerns votes by special litigation committees. This appears to be a scrivener’s error, since the preamble to subsection (b) specifies that “the determination in subsection (a) shall be made by” any of the three groups discussed in subsection fb), including a special litigation committee. “Where possible,” the Court must “construe the various provisions of a statute in harmony with one another, recognized that the Legislature did not intend internal contradictions.” Halebian, 457 Mass. 629, quoting DiFiore v. American Airlines, Inc., 454 Mass. 486, 491 (2009); see also Commonwealth v. Maloney, 447 Mass. 577, 584 (2006) (“Where, as here, a statute contains an obvious clerical error,” court should disregard error and construe statute in accord with apparent statutory purpose).

 See, e.g., Conn. Gen. Stat. §33-724(e); Hawaii Rev.Stat.Ann. §414- 175(f); Iowa Code Ann. §490.744(5); N.C.Gen.Stat. §55-7-44(1); R-I.Gen.L. §7-1.2-711(e)(6); Utah Code Ann. §16-10a-740(4)(f); Virginia Code Ann. §13.1 672.4(E); Wis.Stat. §180.0744(6).

 Squires made the decision to have the Corporation seek appointment of an independent panel. He exercises unilateral control over the Corporation’s day-to-day activities, including its decision to seek appointment of an independent panel, because he is the only remaining director and officer of the Corporation.